UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUENTIN L. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02413-JPH-MPB |
| DUSHAN ZATECKY, et al. | ) ) ) |
| Defendants. | ) ) |

**Order Reconsidering Screening Order
and Allowing Claim under Rehabilitation Act of 1973 to Proceed**

The Court screened plaintiff Quentin Taylor's complaint and permitted Eighth Amendment deliberate indifference to a serious medical need claims, Eighth Amendment conditions of confinement claims and related failure to train claims, and First Amendment retaliation claims to proceed. Dkt. 8. Mr. Taylor responded to the Court's Screening Order, arguing that the Court should also allow his claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973 ("Rehab Act") to proceed, as well as his claims of failure to protect and failure to intervene in violation of the Eighth Amendment. Dkt 12.

**A.   ADA and Rehab Act Claims**

The Court finds it appropriate to reconsider the Screening Order with respect to Mr. Taylor's claims under the Rehab Act. In *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 672-73 (7th Cir. 2012), the Seventh Circuit concluded that a plaintiff had pleaded sufficient facts to state a claim under the Rehab Act where he alleged that he was denied access to a work release program because medical staff placed a "medical hold" on his file solely because he used a cane.

> Mr. Taylor makes similar factual allegations. He asserts:
>
> By defendant(s) [deliberately] and chronically denying plaintiff mental health care, plaintiff['s] mental illness and conditions worsened, and as a result he was denied programs, out-of-cell activities, mail, visitation and religious services [] because of his mental health illness and conditions.

Dkt. 12 at 3. In essence, he alleges that he was denied access to programs and services because his mental health deteriorated as a result of not receiving mental health services. "Because such an allegation is plausible (even if perhaps improbable)," Mr. Taylor may proceed with this claim under the Rehab Act. *Jaros*, 684 F.3d at 673. The Court will not allow Mr. Taylor's claims to proceed under the ADA because the relief under the ADA and Rehab Act is "coextensive," and a plaintiff "can have but one recovery." *Id.* at 671-72.

**B.    Failure to Protect and Failure to Intervene Claims**

The Court will not reconsider the Screening Order with respect to Mr. Taylor's failure to protect and failure to intervene claims. As noted in the Screening Order, dkt. 8 at 8 n.3, failure to protect and failure to intervene are alternative ways of challenging the conditions of one's confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (recognizing that the prohibition of "cruel and unusual punishment" under the Eight Amendment imposes duties on prison officials to "provide humane conditions of confinement," "ensure that inmates receive adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." (internal quotation marks and citation omitted)). In other words, the Court permitted Mr. Taylor's Eighth Amendment claims to proceed, and this encompasses the allegations made by Mr. Taylor in his complaint.

**C.    Conclusion**

For the foregoing reasons, the Court reconsiders the Screening Entry with respect to Mr. Taylor's Rehab Act claims only. In addition to the claims identified in the Screening Order, dkt. 8,

Mr. Taylor's claims under the Rehabilitation Act of 1973 **shall proceed** against Commissioner Robert E. Carter in his official capacity.

**SO ORDERED.**

Date: 11/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUENTIN L. TAYLOR
178973
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel