UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUENTIN L. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02413-JPH-MPB |
| ) | |
| DUSHAN ZATECKY, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Quentin Taylor, has filed a motion for assistance recruiting counsel. Dkt. 79. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate

1

it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v. Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has contacted at least six law firms or legal service organizations with requests for representation without success. Dkt. 79 at 2. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to

2

the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

Mr. Taylor requests counsel because he suffers from mental illness, including a history of hallucinations, severe anxiety, self-harm, suicide attempts, psychosis, and major depression. Dkt. 79-1 at 1; *see also* dkt. 1. His mental health issues sometimes result in him being placed on mental health holds and his property being taken. Dkt. 79-1 at 1. He also notes that he receives help from law library clerks and that an inmate who previously helped him with litigation is no longer available due to a transfer. Dkt. 79 at 3. Finally, he explains that—because of pandemic-related conditions—access to the law library is extremely limited, which makes it difficult for him to meet deadlines. *Id.*

The Court concludes, however, that—at this stage of the proceedings—the difficulty of this case does not exceed Mr. Taylor's particular capacity as a layperson to coherently present it by himself. The Court acknowledges that the pandemic has resulted in difficult conditions, including lack of access to law libraries. That situation applies, however, to all inmates and is not extraordinary enough to warrant the appointment of counsel.

The Court also acknowledges Mr. Taylor's mental health conditions, his history of suicide attempts, and his history of mental health holds. These conditions and the

resulting mental health holds are no doubt serious. Unfortunately, Mr. Taylor is not alone in his mental health struggles. Many inmates suffer from similar conditions, and, while relevant to the Court's inquiry, mental illness does not create a legal entitlement to the appointment of counsel. *Eagan*, 987 F.3d at 682.

Despite the challenges he may face, Mr. Taylor can read and write, and he has earned his GED. Dkt. 79 at 2. It does not appear that he is currently suffering from a mental health crisis or that he is currently isolated on a mental health hold. He has previously litigated the merits of a petition for writ of habeas corpus without counsel. *See Taylor v. Zatecky*, No. 1:20-cv-01001-JMS-MPB (S.D. Ind. Oct. 8, 2020). Although he was not successful with that petition, he was able to communicate with the Court and file comprehensible pleadings. Likewise, to date, he has litigated this matter by himself, including responding to the State Defendants' motion for summary judgment on the issue of exhaustion. *See, e.g.*, dkts. 62–64, 68. As in his habeas matter, his filings in this matter have been clear. Mr. Taylor explains that he no longer has assistance from an inmate who used to help him, *see* dkt. 79 at 3, but his current motion for assistance with recruiting counsel is detailed, coherent, and shows that he can adequately communicate with the Court and identify relevant issues without assistance. *See generally* dkt. 79. Mr. Taylor also admits that he still receives some help from law library clerks. To the extent that Mr. Taylor needs additional time to meet Court deadlines because of pandemic-related restrictions or mental health-related challenges, he may file motions for extension of time.

Currently, this case is stayed pending resolution of the State Defendants' motion for summary judgment on the issue of exhaustion. *See* dkt. 45. Regardless of the resolution of that motion, the case will then proceed to merits discovery and, potentially, motions for summary judgment as to the merits of Mr. Taylor's claims under the Rehabilitation Act, his Eighth Amendment condition of confinement claims, and his Eighth Amendment claims for deliberate indifference to a serious medical need. *See* dkts. 8, 18 (Screening Orders). Like the exhaustion issue, litigation of the merits of Mr. Taylor's claims will likely center on facts. Mr. Taylor has knowledge of many of those facts, and the defendants will be required to provide him with significant amounts of information that might not be within his own knowledge, *see* dkt. 44, thereby lessening the need for him to conduct extensive discovery. Mr. Taylor has also already demonstrated that he can effectively respond to a motion for summary judgment without counsel.

Accordingly, Mr. Taylor's motion for assistance recruiting counsel, dkt. [79], is **denied without prejudice**. If circumstances change, Mr. Taylor may file a renewed motion. The Court will also remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 10/20/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUENTIN L. TAYLOR
178973
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com